UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

JERALD WAYNE T.,[1]

       Plaintiff,

  v.

COMMISSIONER, THE SOCIAL
SECURITY ADMINISTRATION,

       Defendant.

Case. No. 1:23-cv-00769-YY

OPINION AND ORDER

YOU, Magistrate Judge.

    Plaintiff Jerald Wayne T. seeks judicial review of the final decision by the Social Security Commissioner ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401–33. This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). For the reasons set forth below, the Commissioner's decision is REVERSED and this case is REMANDED for further proceedings.

**PROCEDURAL HISTORY**

    Plaintiff protectively filed an application for DIB benefits on January 14, 2020, alleging a disability onset date of January 7, 2016. Tr. 15, 206, 217. The Commissioner

---

[1] In the interest of privacy, the court uses only plaintiff's first name and the first initial of his last name.

1 – OPINION AND ORDER

denied plaintiff's claim on July 15, 2020, and again upon reconsideration on August 31, 2021. Tr. 124–26. Plaintiff filed a written request for a hearing on September 15, 2021, and a hearing was held before an Administrative Law Judge ("ALJ") on January 14, 2022. Tr. 62–83. The ALJ issued a decision, finding plaintiff not disabled within the meaning of the Act. Tr. 16–29. The Appeals Council denied plaintiff's request for review on April 14, 2023. Tr. 1–7. Thus, the ALJ's decision is the Commissioner's final decision and subject to review by this court. 42 U.S.C. § 405(g); 20 C.F.R. § 422.210.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). This court must weigh the evidence that supports and detracts from the ALJ's conclusion and "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009–10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). This court may not substitute its judgment for that of the Commissioner when the evidence can reasonably support either affirming or reversing the decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); see also *Lingenfelter*, 504 F.3d at 1035.

## SEQUENTIAL ANALYSIS AND ALJ FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result

2 – OPINION AND ORDER

in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999)).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged onset date of January 7, 2016. Tr. 19. At step two, the ALJ determined plaintiff suffered from the following severe impairments: depression, anxiety disorder, substance use, tachycardia, and residuals from transient ischemic attach (TIA). *Id*.

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. *Id*. The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined he could perform a range of medium work as defined in 20 C.F.C. § 404.1567(c), except he could only occasionally climb ladders and scaffolds. He could frequently stoop, kneel, and crouch but only occasionally crawl. He was limited to understanding, remembering, and carrying out simple instructions. He was limited to occasional interaction with supervisors, coworkers, and the public. He was limited to making simple, work-related decisions and only able to tolerate occasional change in work location. He was unable to work at a strict production rate like the type of rate required to work on an assembly line. Lastly, he could only tolerate occasional exposure to hazards such as unprotected heights and moving mechanical parts. Tr. 21.

At step four, the ALJ found plaintiff could not perform his past relevant work. Tr. 26.

3 – OPINION AND ORDER

At step five, the ALJ found that considering plaintiff's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that he can perform, including hand packager, machine packager, and kitchen helper. Tr. 28. Thus, the ALJ concluded plaintiff was not disabled at any time from January 7, 2016, through the date last insured, September 30, 2021. *Id*.

## DISCUSSION

Plaintiff argues that the ALJ did not properly evaluate the medical opinion of Liam Macleod, M.D. Pl. Br. 6–14, ECF 11.

**I.     Standard Regarding Evaluation of Medical Opinion Evidence**

When evaluating medical opinion evidence for claims filed on or after March 27, 2017, the ALJ must apply 20 C.F.R. § 404.1520c for Title II claims. *Revisions to Rules Regarding the Evaluation of Medical Evidence (Revisions to Rules)*, 82 Fed. Reg. 5844, *available at* 2017 WL 168819 (Jan. 18, 2017). Under these regulations, ALJs no longer "weigh" medical opinions, but rather determine which are most "persuasive." 20 C.F.R. §§ 404.1520c(a)-(b). To that end, controlling weight is no longer given to any medical opinion. *Revisions to Rules*, 82 Fed. Reg. at 5867–68; *see also* 20 C.F.R. §§ 404.1520c(a). Instead, the ALJ evaluates the persuasiveness of medical opinions based on (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(a), (c)(1)-(5).

The factors of "supportability" and "consistency" are considered to be "the most important factors" in the evaluation process. 20 C.F.R. §§ 404.1520c(c). Supportability

4 – OPINION AND ORDER

means the extent to which a medical source supports the medical opinion by explaining the "relevant . . . objective medical evidence." *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)(1)). Consistency means the extent to which a medical opinion is "consistent . . . with the evidence from other medical sources and nonmedical sources in the claim." *Id*. (citing 20 C.F.R § 404.1520c(c)(2)).

An ALJ must articulate how persuasive the medical opinions are and explain how the supportability and consistency factors are considered. 20 C.F.R. §§ 404.1520c(a), (b); *see Tyrone W. v. Saul*, No. 3:19-CV-01719-IM, 2020 WL 6363839, at *7 (D. Or. Oct. 28, 2020). "The ALJ may but is not required to explain how other factors were considered, as appropriate, including relationship with the claimant (length, purpose, and extent of treatment relationship; frequency of examination); whether there is an examining relationship; specialization; and other factors, such as familiarity with other evidence in the claim file or understanding of the Social Security disability program's policies and evidentiary requirements." *Linda F. v. Comm'r Soc. Sec. Admin.*, No. C20-5076-MAT, 2020 WL 6544628, at *2 (W.D. Wash. Nov. 6, 2020). However, ALJs are required to explain "how they considered other secondary medical factors [if] they find that two or more medical opinions about the same issue are equally supported and consistent with the record but not identical." *Tyrone W.*, 2020 WL 6363839, at *6 (citing 20 C.F.R. §§ 404.1520c(b)(2) and 404.1520c(b)(3)). Furthermore, the court must continue to consider whether the ALJ's decision is supported by substantial evidence. *See Revisions to Rules*, 82 Fed. Reg. at 5852 ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision."); *see also* 42 U.S.C. § 405(g).

5 – OPINION AND ORDER

## II. Medical Opinion of Liam Macleod, M.D.

Dr. Macleod, a urologist, began treating plaintiff in September 2020, and provided a written medical opinion regarding plaintiff's physical conditions on December 9, 2021. Tr. 5164. Dr. Macleod described plaintiff's diagnoses as "prostate cancer, pelvic pain, stress incontinence, [and] erectile dysfunction." *Id*. Dr. Macleod opined that plaintiff would be off-task 10% of the day, would miss one day per month due to medical impairments stemming from pain and fatigue, and could stand/walk for only four hours out of an eight-hour workday, among other conclusions. Tr. 5164-65.

The ALJ found Dr. Macleod's opinion unpersuasive. Tr. 26. The ALJ wrote that Dr. Macleod had "noted [plaintiff]'s various urological conditions[,]" but his opinion was "not consistent with the evidence as [a] whole." Tr. 26. The ALJ then observed that "the evidence showed normal findings in muscle strength, muscle bulk, muscle tone, gait, range of motion, sensation, and reflexes," and cited to broad swaths of the record. *Id.* (citing Exs. 1F, 2F, 3F, 5F, 9F, 10F, 12F, 16F, and 18F).

Plaintiff contends the ALJ failed to discuss the supportability factor, and instead provided a "conclusory," "sparse, unrationalized evaluation" of Dr. Macleod's opinion without any "evidence directly from [Dr.] Macleod that would undermine any of his opined physical limitations." Pl. Br. 8, ECF 11. Plaintiff asserts that, with respect to consistency, "ALJ likewise failed to create a traceable path . . . from the evidence to his finding that Dr. Macleod's opinion is inconsistent with the record." *Id.* at 9. Indeed, as plaintiff contends, the ALJ cited "3,672 pages of evidence without providing any pinpoint citation to any evidence that would discount Dr. Macleod's opinion." *Id.* at 7.

The Commissioner argues that "[e]arlier in the decision, the ALJ discussed

6 – OPINION AND ORDER

Plaintiff's normal examination findings in detail" and that the "normal examination findings are inconsistent with Dr. Macleod's opinion that Plaintiff could not stand or walk more than four hours in a workday."  Def. Br. 11, ECF 15.

But Dr. Macleod is a urologist who treated plaintiff following his surgery for prostate cancer in September 2020.  Treatment notes from Dr. Macleod's clinic show plaintiff experienced urinary issues, including urinary control, painful urination, penile pain, and pain that began in his bladder and radiated through his pelvis.  Tr. 2836 ("Positive for dysuria."); 2839 (discussing need to regain urinary control); 2840 (reporting pain in bladder and pelvis); 2843 ("Positive for penile pain."); 2846 (pain in bladder and radiating to penis); 2852 (frequent urination); *see also* Tr. 2886 (blood in urine).  While portions of the record show periods where plaintiff had "no urinary symptoms," *see*, *e.g.*, Tr. 3293 (January 7, 2021), the ALJ did not cite to those, and instead broadly cited to thousands of pages of the record showing that plaintiff had "normal findings in muscle strength, muscle bulk, muscle tone, gait, range of motion, sensation, and reflexes."  Tr. 26.  Although the court reviews the ALJ's decision under the deferential "substantial evidence" standard, it will not "scour the record" for reasons to uphold the decision.  *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).  And the court will not provide a basis for the ALJ's decision when the path is not clear.  *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (explaining the court "may not affirm the ALJ on a ground upon which he did not rely").

The ALJ failed to bridge normal examination findings regarding muscle strength, muscle bulk, muscle tone, gait, range of motion, sensation, and reflexes to plaintiff's urological issues, including the pain and fatigue that Dr. Macleod opined would require plaintiff to be absent from work one day a month and prevent him from standing or walking

7 – OPINION AND ORDER

more than four hours in an eight-hour day. Tr. 5164-65. The ALJ found that plaintiff was capable of medium work with no limitations on standing or walking, but it is well-established that medium work includes standing or walking for six hours in an eight-hour day. *Terry v. Saul*, 998 F.3d 1010, 1013 (9th Cir. 2021) (observing that the Social Security Administration's "longstanding interpretation of the term 'medium work'" includes standing or walking for approximately six hours per day) (citing SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983)).

The ALJ's failure to properly articulate the supportability and consistency analysis frustrates meaningful judicial review and constitutes legal error. *Sylvester G. v. Saul*, Case No. 20cv2842-GJS, 2021 WL 2435816, at *5 (C.D. Cal. June 15, 2021) (finding legal error when the ALJ "rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion") (citing *Garrison*, 759 F.3d at 1012–13); *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("[A]lthough we will not fault the agency merely for explaining its decision with 'less than ideal clarity,' we still demand that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review." (citation omitted)). This error is not harmless and requires reversal. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014).

### III. Remedy

When a court determines the Commissioner erred in denying benefits, the court may affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for a rehearing." *Treichler*, 775 F.3d at 1099 (quoting 42 U.S.C. § 405(g)). In

determining whether to remand for further proceedings or the immediate payment of benefits, the Ninth Circuit employs the following "credit-as-true" standard when the following requisites are met: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the plaintiff disabled on remand. *Garrison*, 759 F.3d at 1020. If all three requisites are met, the court may remand for benefits. *Id*. However, even if all of the requisites are met, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled." *Id*. at 1021.

The first prong of the credit-as-true inquiry is met because the ALJ failed to provide legally sufficient reasons to reject the medical opinion of Dr. Macleod. However, the court cannot conclude that further proceedings would serve no useful purpose. On remand, the ALJ may be able to properly discredit Dr. Macleod's opinion, or the ALJ may ultimately decide it is persuasive. Therefore, this case is reversed and remanded for further proceedings consistent with this decision. The ALJ must properly consider all limitations assessed in Dr. Macleod's opinion. If the ALJ finds Dr. Macleod's opinion is unpersuasive, in whole or in part, the ALJ must provide sufficient reasons supported by substantial evidence for making such a determination. *See Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012).

//

//

//

9 – OPINION AND ORDER

**ORDER**

The Commissioner's decision is REVERSED and this case is REMANDED for further proceedings consistent with this opinion.

DATED May 24, 2024.

                                                 /s/ Youlee Yim You
                                               Youlee Yim You
                                               United States Magistrate Judge